PATTERSON, Chief Justice,
for the Court:
Harold Schilling, a former Chancery Clerk of Pike County, appeals his conviction from an indictment under Miss.Code Ann., § 97-11-29 (Supp.1979), for the crime of embezzlement. We affirm.
The indictment states in pertinent part that Schilling:
... did wilfully, ... defraud Pike County, Mississippi, of aproximately $47,-520.48, ... lawful money ... by causing to be paid with funds from the County Treasury ... both the employee withholding and employer matching portions of monies due on behalf of said employees as Social Security and Public Employees’ Retirement System contributions,
... the employees being Harold Schilling’s Pike County Chancery Clerk employees, the said ... Schilling ... knowing that by law the employee contributions were to be withheld from the employees’ salaries and forwarded to said Public Employees’ Retirement System and ... that the employer contributions were to be paid by ... Schilling ... said Pike County, Mississippi, funds having been so paid between April 1, 1977 and March 31, 1982, ... in violation of Section 97-11-29 of the Mississippi Code of 1972, as amended, ...
Schilling’s sole contention on appeal is, Whether appellant, as Chancery Clerk of Pike County, Mississippi, violated any trust imposed upon him by law for which he was guilty of the statutory crime of embezzlement.
The statute under which Schilling was prosecuted, Miss.Code Ann., § 97-11-29 (Supp.1979), has its source in the 1857 Code and has continued as a criminal sanction. It provides:
The state treasurer, auditor of public accounts, assessors and collectors of taxes, and all other state and county officers, and officers of cities, towns and villages, shall make and keep in their offices, subject to inspection at all times, an accurate entry of each and every sum of public money, securities, stocks, or other public money whatever, by them received, transferred, or disbursed; and if any of said officers, either municipal, county or state, or a clerk, agent or employee of such officers, shall willfully and fraudulently make any false entry therein or make any certificate or endorsement of any warrant on the treasury that the same is genuine, when the same is in fact not a genuine warrant, or shall loan any portion of the public moneys, securities, stocks, or other public property intrusted to him, for any purpose whatever; or shall, by willful act or omission of duty whatever, defraud, or attempt to defraud, the state, or any county, city, town or village, of any moneys, security, or property, he shall, on conviction thereof, be guilty of embezzlement, and fined not less than double the amount or value of the moneys, security, stock or other property so embezzled, or committed to the department of corrections for not more than ten (10) years, or both. (Emphasis added.)
As Chancery Clerk, Schilling was also Treasurer of the Pike County Board of Supervisors. Through this position he used county funds to pay his chancery clerk employee’s and matching employer contributions to the State Retirement Fund. He paid his obligation from county funds without using any of his chancery clerk monies.
We are of the opinion Schilling’s reliance on the election by Pike County to not participate in the State Retirement System as reflected by the minutes of the Board of Supervisors is misplaced. It is undisputed the State Retirement System office had been receiving social security withholdings and state retirement contributions from the Chancery - Clerk of Pike County and his employees since the 1952 inception of the agreement. Of significance is the fact Schilling paid the employee withholdings and employer matching portions of state retirement and social security upon notice from the State Department of Audit for the time period covered by the indictment. This payment, albeit untimely, is of proba *977 tive value to show Schilling knew the portions should be paid by him to reimburse the county for the funds. Additionally, Schilling admitted he knew he had to pay the portions but explained that personal reasons were the cause of the non-payment. This action by Schilling was a clear violation of trust and evidenced fraud in his handling of public monies.
Heard v. State, 177 Miss. 661, 171 So. 775 (1937), affirmed the embezzlement conviction of a county official under § 896, Code of 1930, predecessor to § 97-11-29. The pertinent statutory language, upon which the Heard decision was affirmed, provides that if a state or county official “shall, by any willful act or omission of duty whatever, defraud, or attempt to defraud, the state, or any county, city, town, or village, of any moneys, security, or property, he shall, on conviction thereof, be guilty of embezzlement, and fined....” In Heard a member of the county board of supervisors induced the county to pay money to persons to whom he knew the county was not indebted. This Court held intent (to defraud) “will be presumed in the absence of evidence to the contrary,.... ” 177 Miss. at 673, 171 So. at 778. Herein we have an admission and an act of repayment.
Schilling’s fine and sentence imposed below are affirmed.
AFFIRMED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.